IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Personal Representative of the ESTATE OF VICTOR HAROLD FORSMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RORY JAKE BARNES and EMPOWER RETIREMENT, LLC,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT EMPOWER RETIREMENT'S MOTION TO DISMISS<br><br>Case No. 2:25-CV-00283-JNP-CMR<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Defendant Empower Retirement, LLC ("Empower") brings a motion to dismiss under Federal Rule 12(b)(6) for failure to state a claim. ECF No. 22 ("Empower's Mot."). For the reasons discussed below, the motion is GRANTED and the sole claim brought against Empower is DISMISSED.

## BACKGROUND

This case arises out of Victor Harold Forsman's death in 2021. ECF No. 20 ("Am. Compl.") ¶ 8. Empower was the service provider for Forsman's 401k plan, which at the time of Forsman's death contained approximately $750,000. *Id.* ¶¶ 8, 10. Empower treated Defendant Rory Jake Barnes as the beneficiary of the plan and transferred the proceeds to Barnes in 2022 after receiving a request from Barnes. *Id.* ¶¶ 28, 30.

Plaintiff, the personal representative of the Estate of Forsman, brings claims against both Barnes and Empower. *Id.* ¶¶ 1, 6–49. Against Barnes, Plaintiff asserts a wrongful conversation

claim. *Id.* ¶ 33–49. He alleges "[u]pon information and belief" that Barnes, without authorization, sent a beneficiary designation to Empower via Forsman's computer and, in doing so, willfully and unlawfully interfered with the Estate's rights to the plan proceeds. *Id.* ¶¶ 44–45, 49. Against Empower, Plaintiff brings a single claim for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829 (codified, as amended, 29 U.S.C. § 1001 *et seq.*). Am. Compl. ¶ 7.; 29 U.S.C. § 1109(a). Plaintiff claims that he was informed by the plan's trustee "that Empower handled all aspects in the processing of beneficiary designations for the subject 401k [p]lan, including exercising the discretion of determining who the participant designated as the beneficiary." Am. Compl. ¶ 19. He then claims that "Empower['s] discretionary decision to treat [Barnes] as the beneficiary of the subject 401k [plan] without a valid beneficiary designation [was] a breach of its fiduciary duty to [the] Estate in bypassing the 401k [p]lan's requirement to treat the . . . Estate as the rightful beneficiary." *Id.* ¶ 27. In light of this breach, Plaintiff requests "appropriate equitable relief" against Empower and "[a]ny other relief the [c]ourt deems appropriate." *Id.* at 8–9.

In response, Empower brings a motion to dismiss under Rule 12(b)(6). It argues that Plaintiff has failed to state a claim against Empower for three independent reasons: (1) "Plaintiff fails to plead facts showing the availability of any equitable relief, which is [a] required element of a breach of fiduciary duty claim under ERISA"; (2) "Plaintiff fails to plead facts showing that Empower acted as a fiduciary under ERISA"; and (3) "[e]ven if Plaintiff could plead facts showing that Empower acted as an ERISA fiduciary, Plaintiff fails to allege any conduct by Empower that constitutes a breach of fiduciary duty under ERISA." Empower's Mot. at 1–2. Plaintiff fully opposes the motion. ECF No. 26 ("Pl.'s Mem. in Opp'n").

## LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a Rule 12(b)(6) motion, the court takes the plaintiff's well-pleaded facts as true, drawing all inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *see also Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted.") (citation modified). But the plaintiff must allege some facts, not just legal conclusions, to support his claim. *See Bekkem v. Wilkie*, 915 F.3d 1258, 1275 (10th Cir. 2019). ("Pleadings that do not allow for at least a reasonable inference of the legally relevant facts are insufficient.") Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The court begins with Empower's argument that Plaintiff failed to plead facts plausibly establishing that Empower acted as a fiduciary for the purposes of ERISA. It ultimately finds this argument convincing and thus need not address Empower's other arguments.

"To plead a breach of fiduciary duty [under ERISA], [Plaintiff] must adequately allege [the] fiduciary status of the wrongdoer." *Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1183–84 (10th Cir. 2016). There are two ways in which a party may be a fiduciary under ERISA: (1) it may be a named fiduciary if identified in the instrument establishing the plan as a fiduciary with "the 'authority to control and manage the operation and administration of the

plan'"; (2) it may be a functional fiduciary "by virtue of the authority the party holds over the plan," regardless of whether it is named in the planned instrument. *Teets v. Great-W. Life & Annuity Ins. Co.*, 921 F.3d 1200, 1206 (10th Cir. 2019) (quoting 29 U.S.C. § 1102(a)). More specifically, a party becomes a functional fiduciary when

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29. U.S.C. § 1002(21)(A).[1]

---

[1] *Teets* notes that it may be significant that the text of § 1002(21)(A)(i) requires "*discretionary* authority or *discretionary* control respecting management of [the] plan" but only requires "authority or control respecting management or disposition of [plan] assets. 29. U.S.C. § 1002(21)(A)(i) (emphasis added); *Teets*, 921 F.3d at 1207 n.3. However, the Tenth Circuit "assume[d] without deciding that the textual difference between these clauses does not affect the functional fiduciary analysis." *Teets*, 921 F.3d at 1207 n.3. Within Tenth Circuit caselaw, there are conflicting signals about whether this linguistic feature of § 1002(21)(A)(i) is significant and some form of non-discretionary authority or control over plan assets can suffice for fiduciary status. *Compare David P. Coldesina, D.D.S. v. Est. of Simper*, 407 F.3d 1126, 1132 (10th Cir. 2005) (emphasizing that "[d]iscretion is conspicuously omitted from the fiduciary function of controlling plan assets") *with Lebahn*, 828 F.3d at 1186 (rejecting cases that "expand ERISA's functional-fiduciary provision to encompass persons who lack discretionary authority" as unpersuasive "because their approach would stretch the definition of 'fiduciary' beyond any meaningful boundaries").

      The court, however, need not resolve the issue. Plaintiff has argued exclusively on the ground that Empower exercised discretion and even suggests discretion is a requirement for functional fiduciary status. Pl.'s Mem. in Opp'n at 11–13. (describing a functional fiduciary as "any individual who *de facto* performs specified *discretionary* functions with respect to the management, assets, or administration of a plan") (emphasis added). Even if exercising a form of non-discretionary authority or control over assets suffices for fiduciary status, Plaintiff still has failed to make an adequate showing. To establish that Empower exercised authority or control over plan assets, Plaintiff alleges only that Empower made payments to Barnes. *See* Am. Compl. ¶ 30. But this fact does not undermine the possibility that Empower only made payments "at the plan's direction" and thus failed to exercise any authority or control over plan assets. *See Coldesina*, 407

To establish that a service provider exercised sufficient authority or control to be a functional fiduciary, the "ERISA plaintiff must show the service provider (1) did not merely follow a specific contractual term set in an arm's-length negotiation; and (2) took a unilateral action respecting plan management or assets without the plan or its participants having an opportunity to reject its decision." *Teets*, 921 F.3d at 1212. Additionally, the Tenth Circuit has held that parties who perform "[m}inisterial tasks alone do not qualify" as functional fiduciaries. *Id.* at 1212 n.11. This principle is clarified by Department of Labor regulations, which the Tenth Circuit has cited favorably, specifying that "a person who performs purely ministerial functions[,] such as [processing claims] . . . within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary." 29 C.F.R. § 2509.75-8 (2018); *Teets*, 921 F.3d at 1212 n.11.

In the present case, there is no indication that Empower was a named fiduciary, so Plaintiff must allege that Empower acted as a functional fiduciary.[2] From Plaintiff's allegations, it appears that Empower's plan-related activities were limited to "beneficiary designations" and "beneficiary payment[s]." Am. Compl. ¶ 9. Empower argues that "these alleged acts—processing forms already submitted and paying benefits consistent with those forms—are purely ministerial tasks" that "do not implicate fiduciary status." Empower's Mot. at 7.

To argue otherwise, Plaintiff relies on information it received from the plan's trustee:

---

F.3d at 1134; *Bryant v. Matrix Tr. Co., LLC*, No. 18-CV-00749-PAB-NYW, 2019 WL 1331954, at *4 (D. Colo. Mar. 25, 2019) (noting that a "bank is not a fiduciary where the trustee and third-party administrator direct all account activity") (citing *McLemore v. Regions Bank*, 682 F.3d 414, 423(6th Cir. 2012)).

[2] Similarly, there is no indication that Empower ever provided investment advice, so the court need not consider whether Empower qualifies as a functional fiduciary under § 1002(21)(A)(ii).

> On January 11, 2022, Randy Schoeck (he is listed on the 401k [p]lan as the [t]rustee) informed Plaintiff that [the firm managing the plan, DuMac,] does not get involved with 401k beneficiary information and further stated[,] "A beneficiary designation does not produce any documents or send any alerts to Du[M]ac. That is between the participant in the plan and the 401k group brokerage: Empower Retirement and their record keeping."

Am. Compl. ¶ 12; Pl.'s Mem. in Opp'n at 11. Schoeck's statement suggests that Empower may have processed beneficiary designations without any direct oversight. However, the statement does nothing to exclude, or even make unlikely, the possibility that Empower's activities were tightly controlled by established rules and policies and thus ministerial.[3] Indeed, the ministerial nature of Empower's activities may be the most likely explanation for why the plan trustee and DuMac did not bother to oversee Empower. Similarly, Schoeck's statement is fully consistent with the possibility that Empower "merely follow[ed] . . . specific contractual term[s] set in an arm's-length negotiation" that set out the process for beneficiary designation and payment. *Teets*, 921 F.3d at 1212. While Plaintiff need not plead an airtight case on the merits, he must at least address an "obvious alternative explanation" to state a plausible claim. *Iqbal*, 556 U.S. at 682 (quoting *Twombly*, 550 U.S. at 567). Schoeck's statement, even when taken at face value, fails this requirement and, consequently, does not adequately establish Empower's fiduciary status.

Other than Schoeck's statement, Plaintiff's briefing relies exclusively on conclusory allegations that Empower "was delegated with" or "exercise[ed]" discretion in carrying out its

---

[3] Empower separately argues that Schoeck's statement should be discounted because it is wholly irrelevant hearsay. *See* ECF No. 28 ("Empower's Reply") at 7 (citing *Trs. of the Colo. Laborers' Health & Welfare Trust Fund v. Am. Benefit Plan Adm'rs, Inc.*, Case No. 04-cv-02630, 2006 WL 263208, at *8 (D. Colo. Sept. 13, 2006)). The court is skeptical of this claim and finds Empower's caselaw inapt because it involves a motion for summary judgment rather than a motion to dismiss. But the court ultimately need not decide whether hearsay should be discounted because it finds that Schoeck's statement, even if credited, fails to adequately establish Empower's fiduciary status.

duties. *See* Am. Compl. ¶¶ 9, 19, 27. As numerous courts have found, such threadbare assertions of discretion without any factual detail "are insufficient to state a claim for breach of ERISA fiduciary duty." *See, e.g.*, *Dutra v. Recology, Inc.*, No. 20-CV-08716-JST, 2021 WL 4722959, at *7 (N.D. Cal. Apr. 26, 2021); *Allen v. Bank of Am. Corp.*, No. 15 CIV. 4285 (LGS), 2016 WL 4446373, at *7 (S.D.N.Y. Aug. 23, 2016), *aff'd sub nom. Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d 214 (2d Cir. 2018); *Gotham City Orthopedics, LLC v. Aetna Inc.*, No. CV2019634KMJBC, 2021 WL 9667963, at *10 (D.N.J. Sept. 10, 2021); *Dutra v. Recology, Inc.*, No. 20-CV-08716-JST, 2021 WL 4722959, at *7 (N.D. Cal. Apr. 26, 2021).

At a hearing on the motion, Plaintiff's counsel raised a new argument that Empower's fiduciary status is established by the allegation that Empower treated Barnes as the beneficiary sua sponte without receiving any communication or information suggesting that Barnes had been designated as the beneficiary. But, at most, Plaintiff pleads that Empower never received a "beneficiary designation *document*" or a "*valid* beneficiary designation." Am. Compl. ¶¶ 25–26 (emphasis added). This allegation is consistent with the possibility, which Plaintiff himself pleads "[u]pon information and belief" in connection to his conversion claim, that Empower received an electronic transmission sent from Forsman's computer purporting to designate Barnes as the beneficiary. *See id.* ¶¶ 43–44. While Plaintiff has every right to plead different theories in the alternative, Plaintiff's current suggestion that Empower's decision to treat Barnes as a beneficiary was unprompted and not made pursuant to existing procedures and policies is simply missing from the complaint and, consequently, does not change the court's analysis.

In summary, Plaintiff pleads nothing beyond a statement of limited relevance and conclusory allegations to establish Empower's fiduciary status. This is inadequate to plead a

plausible claim of breach of fiduciary duty under ERISA and, accordingly, Plaintiff's claim against Empower must be dismissed.

## CONCLUSION AND ORDER

For the reasons above, the court GRANTS Empower's motion to dismiss the sole claim brought against it.

DATED January 12, 2026

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge