IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Personal Representative of the ESTATE OF VICTOR HAROLD FORSMAN,<br><br>    Plaintiff,<br><br>v.<br><br>RORY JAKE BARNES and EMPOWER RETIREMENT, LLC,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>Case No. 2:25-CV-00283-JNP-CMR<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff, the personal representative of the Estate of Victor Harold Forsman, brought two claims against Defendants: (1) a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829 (codified, as amended, 29 U.S.C. § 1001 *et seq.*) against Defendant Empower Retirement, LLC; and (2) a wrongful conversion claim against Rory Jake Barnes. ECF No. 20 ("Am. Compl."). In doing so, Plaintiff cited ERISA and the federal questions statute as the basis of this court's subject matter jurisdiction. *Id.* ¶ 4 (citing 29 U.S.C. § 1132 *et. seq.* and 28 U.S.C. § 1331). But the court dismissed Plaintiff's ERISA claim against Empower Retirement under FED. R. CIV. P. 12(b)(6). ECF No. 34 ("Order Granting Mot. to Dismiss"). Because the only remaining claim before it is a tort claim arising under Utah law, the court ordered Plaintiff to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction. ECF No. 35 ("Order to Show Cause").

After reviewing Plaintiff's response memorandum, the court holds that Plaintiff has not met his burden of establishing subject matter jurisdiction and, accordingly, dismisses the action for lack of subject matter jurisdiction under FED. R. CIV. P. 12(h)(3). ECF No. 38 ("Pl.'s Resp.").

## LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). *See also City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) ("[T]he district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction."). "When a court's subject-matter jurisdiction over a dispute is raised—either sua sponte by the court or by a party—the plaintiff, the party invoking federal jurisdiction, must show that jurisdiction exists." *Kansas by & through Kansas Dep't for Child. & Fams. v. SourceAmerica*, 874 F.3d 1226, 1240 (10th Cir. 2017). In meeting this burden, the plaintiff must "establish jurisdiction with the manner and degree of evidence required at that stage of litigation." *Id.* (citation modified). At the pleading stage, this requires "a short and plain statement of the grounds for the court's jurisdiction" FED. R. CIV. P. 8(a)(1). "Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction 'must allege in his pleading the facts essential to show jurisdiction.'" *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (quoting *Penteco Corp. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)).

## DISCUSSION

As a "court[] of limited jurisdiction," this court "must have a statutory basis for [its] jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). In his reply memorandum to the court's order to show cause, Plaintiff relies on the federal questions statute, § 1331, as the statutory basis for this court's subject matter jurisdiction. Pl.'s Reply at 2, 5. In most

instances, § 1331 only applies when the plaintiff has a cause of action created by federal law. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In a limited class of exceptions, courts can exercise § 1331 jurisdiction based on a cause of action created by state law if the state law claim implicates a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress" *Gunn v. Minton*, 568 U.S. 251, 258 (2013). *See also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (first articulating this four-part test). "Either way, the determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." *Royal Canin*, 604 U.S. at 26 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–10 (1983)). Thus, "[i]f the complaint presents no federal question, a federal court may not hear the suit [under § 1331]." *Id.*

In invoking § 1331, Plaintiff first argues that he "could have solely brought his suit in [f]ederal court under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due [to] him under the terms of his plan and/or to enforce his rights under the terms of the plan." Pl.'s Reply at 4. However, Plaintiff has failed to plead a colorable § 1132(a)(1)(B) claim against Barnes that could establish jurisdiction. *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1240 (10th Cir. 2001) ("[A] federal claim must be colorable to establish federal question jurisdiction."). As an initial matter, the operative complaint does not even establish that Barnes is a proper defendant under § 1132(a)(1)(B). While the Tenth Circuit has yet to weigh in, circuit courts generally only

3

recognize the plan itself or parties with control over the plan as proper defendants[1]—whereas Plaintiff's allegations suggest that Barnes has no connection to the plan at all beyond applying for and receiving benefits. *See Hemphill v. Unisys Corp.*, 855 F. Supp. 1225, 1233–34 (D. Utah 1994); Am. Compl. ¶¶ 28, 30. The court is unaware of any cases holding that a claim under § 1132(a)(1)(B) may be brought against a party with such an attenuated relationship to the plan. Additionally, Plaintiff raises no allegations suggesting that Barnes has duties to Plaintiff under the plan in a manner sufficient to invoke § 1132(a)(1)(B). To be sure, Plaintiff may raise a § 1132(a)(1)(B) claim against the plan itself for giving plan proceeds to Barnes without a valid beneficiary designation. Am Compl. ¶ 27. But a plan's liabilities under ERISA cannot be imputed to a non-fiduciary third-party like Barnes. *Geddes v. United Staffing All. Emp. Med. Plan*, 469 F.3d 919, 931–32 (10th Cir. 2006); 29 U.S.C. § 1132(d)(2). Barnes may otherwise be liable to Plaintiff, but there is no suggestion that this liability arises directly from the plan or ERISA rather than state tort law. In any event, Plaintiff's claim under § 1132(a)(1)(B) against Barnes is insufficiently pled to support his jurisdictional argument.

Plaintiff also argues that this court has jurisdiction under § 1331, irrespective of any federal cause of action, because Plaintiff's conversion claim under Utah law implicates a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S.

---

[1] *See, e.g., Terry v. Bayer Corp.*, 145 F.3d 28, 36 (1st Cir. 1998); *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 108 n.2 (2d Cir. 2008); *Evans v. Emp. Benefit Plan, Camp Dresser & McKee, Inc.*, 311 F. App'x 556, 558 (3d Cir. 2009); *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349–50 (5th Cir. 2003); *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006); *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 610–11 (7th Cir. 2007); *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001).

at 258; Pl.'s Resp. at 5–9. But the only federal issue identified by Plaintiff is whether Empower complied with ERISA when it paid benefits to Barnes. Pl.'s Resp. at 8. By contrast, Plaintiff's wrongful conversion claims against Barnes alleges that Barnes committed conversion by sending a fraudulent beneficiary designation form, which appears fully capable of resolution without determining whether Empower complied with its obligations under ERISA. *See* Am. Compl. ¶¶ 33–49. Separately, Plaintiff does not establish that a federal issue is actually disputed because he cites nothing indicating that Barnes disputes Plaintiff's position regarding ERISA. This failure is especially conspicuous in light of Barnes's motion to dismiss under FED. R. CIV. P. 12(b)(6), which argues that Plaintiff has failed to state a conversion claim without even referencing ERISA or Empower's right to distribute plan proceeds. ECF No. 23 ("Def. Barnes's Mot. to Dismiss"). Thus, Plaintiff fails to justify federal question jurisdiction based on his state law cause of action.

Apart from § 1331, Plaintiff requests that this court exercise its discretionary supplemental jurisdiction over his state law claim under 28 U.S.C. § 1367. But the "court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *I Dig Texas, LLC v. Creager*, 98 F.4th 998, 1012 (10th Cir. 2024) (quoting *Foxfield Villa Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020)). In trying to overcome this strong presumption, Plaintiff references a parallel state court proceeding that allegedly held "that ERISA law preempts state jurisdiction and the case belongs in [f]ederal [c]ourt." Pl.'s Resp. at 10. However, the mere possibility that Barnes may have a federal preemption defense against Plaintiff's conversion claim does little to persuade this court to exercise discretionary jurisdiction where Plaintiff's only federal claim was dismissed at the initial pleading stage. *Cf. Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006) (noting that "[n]either the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal

defense is sufficient" to establish federal question jurisdiction). This court, mindful of the "important values of federalism and separation of powers [that] are implicated in [its] limited jurisdiction," thus declines to exercise any discretionary jurisdiction over Plaintiff's conversion claim. *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004).

Having concluded that Plaintiff has failed to meet his burden of establishing the court's subject matter jurisdiction, the court dismisses the case.

## CONCLUSION AND ORDER

For the reasons above, the court DISMISSES Plaintiff's action for lack of subject matter jurisdiction under FED. R. CIV. P. 12(h)(3).

DATED April 20, 2026

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge